# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STAYINFRONT, INC., *et. al.* : | |
| : | Civil Action No. 05-4563 (FSH) |
| Plaintiffs, : | |
| : | |
| v. : | **OPINION & ORDER** |
| : | |
| WARREN TOBIN, *et al.* : | |
| : | April 27, 2006 |
| : | |
| Defendants. : | |
| : | |

This case comes before the Court upon Magistrate Judge Shwartz's Report and Recommendation of April 4, 2006 in which the Magistrate Judge recommended that this Court, as appropriate sanctions for Defendants' refusal to participate in discovery or in any other proceedings in this matter: (1) enter default judgment against defendants Warren Tobin, Tobin Family Limited as Trustee for the Tobin Family Trust ("TFL"), Matthew Young, and Employment Associates Limited ("EAL"), and default against defendant Jeannette Tobin; (2) hold the Defendants in contempt; and (3) permit the Defendants' counsel to withdraw if default judgement is entered; and this Court having received no objections to the April 4, 2006 Report and Recommendation of Magistrate Judge Shwartz, save for the general objection of defendant Matthew Young that the Court is dealing with this matter "without first dealing with the Defendants' objection to jurisdiction;"[1] and

---

[1] Defendants removed this case to federal court on September 20, 2005, on grounds of diversity jurisdiction, and filed a Motion to Dismiss Plaintiffs' Complaint for lack of personal jurisdiction on October 7, 2005. The Court held a Rule 16 case management conference on November 29, 2005, where Defendants, through their counsel, objected to this Court's personal jurisdiction over them. This Court ordered that discovery be permitted into issues relating to personal jurisdiction, but Defendants did not engage in such discovery. On January 19, 2006, this Court issued a Supplemental Rule 16 Case Management Order directing the parties to conduct discovery as to the issue of personal jurisdiction. Defendants did not participate in such preliminary discovery in order to resolve the jurisdictional dispute. In letters submitted on

the time to file and serve objections to the Magistrate Judge's Report and Recommendation having expired; and this Court having reviewed <u>de novo</u> the Report and Recommendation; and good cause appearing,

**IT IS** on this 27th day of April, 2006,

**ORDERED** that the Report and Recommendation of Magistrate Judge Shwartz is adopted as the opinion of this Court; and it is further

**ORDERED** that any further requests, including Plaintiffs' request for an Order requiring Defendants to pay Plaintiffs' expenses and attorneys fees and Plaintiffs' request for an extension of time to file proofs in support of default judgment against defendants Jeannette Tobin, shall be addressed to Magistrate Judge Shwartz for determination.

s/ Faith S. Hochberg
**HON. FAITH S. HOCHBERG, U.S.D.J.**

---

February 21, 2006, Defendants expressly stated that they would no longer participate in this case in any way, and relieved their counsel from any further representation in the matter. Defendants thus did not to pursue their defense of this case, including their Motion to Dismiss Plaintiffs' Complaint for alleged lack of personal jurisdiction, which constituted a withdrawal of such Motion to Dismiss. This Court's subject matter jurisdiction in this case has never been in question.