NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STAYINFRONT, INC. and NAP ASSOCIATES, LLC, | : | **Civil Action No. 05-4563 (SRC)** |
| | : | |
| Plaintiffs, | : | **OPINION** |
| | : | |
| v. | : | |
| | : | |
| WARREN TOBIN, individually and in his capacity as the Director of Tobin Family Limited, JEANETTE TOBIN, in her capacity as director of Tobin Family Limited, et al., | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

**CHESLER**, District Judge

This matter comes before the Court upon non-party Riker, Danzig, Scherer, Hyland & Perretti LLP's ("Riker Danzig") appeal (docket item # 73) of the August 11, 2006 Order issued by the Honorable Patty Shwartz, U.S.M.J. denying Riker Danzig's application to withhold as privileged certain documents subpoenaed by Plaintiffs Stayinfront, Inc. ("Stayinfront") and NAP Associates, LLC ("NAP") (or, collectively, "Plaintiffs"). The Court has considered the papers submitted by Riker Danzig and by Plaintiffs in connection with this appeal. It has also reviewed the findings and legal analysis of the Magistrate Judge, set forth in the Opinion delivered on the record on August 11, 2006. For the reasons discussed below, Magistrate Judge Shwartz's August 11, 2006 Order is affirmed.

I.    BACKGROUND

This appeal concerns an order by Magistrate Judge Shwartz directing Riker Danzig to produce certain e-mail communications among Riker Danzig, its former client Warren Tobin and Matthew Young, a non-attorney who served as Mr. Tobin's "lay adviser" in a proceeding before the New Zealand Employment Relations Authority.  Appellant Riker Danzig represented Mr. Tobin in a separate, prior lawsuit filed in 2003 by Mr. Tobin against his former employer Stayinfront and NAP in the Superior Court of New Jersey, Bergen County (hereinafter, the "New Jersey action").  In the New Jersey action, Mr. Tobin sought to enforce his rights under his stock purchase and severance agreements. In or about August 2004, the New Jersey action concluded in a settlement.

In early October 2004, Mr. Tobin initiated another proceeding against Stayinfront and NAP, this time in New Zealand's Employment Relations Authority (hereinafter, the "New Zealand action").  In the New Zealand action, Mr. Tobin claimed that he had been coerced into the stock purchase and severance agreements and that the agreement's covenant not to sue was invalid under New Zealand employment law.  Mr. Tobin hired Matthew Young and Employment Associates Limited to represent him in the New Zealand action.  Mr. Young is not an attorney, barrister or solicitor, but is authorized to represent clients before the New Zealand Employment Relations Authority as a "lay adviser" pursuant to New Zealand law.  The New Zealand action was dismissed in August 2005.

Shortly thereafter, Stayinfront and NAP commenced the action at bar in the Superior Court of New Jersey, Bergen County, asserting claims of breach of contract and tortious

interference with contract.  Mr. Tobin and the other Defendants removed the action to this Court

on or about September 20, 2005.  At that time, Defendants were represented by Riker Danzig.

Defendants filed a motion to dismiss for lack of personal jurisdiction, and the Court ordered that

the parties engage in discovery relating to personal jurisdiction.  Defendants, however, refused to

abide by this order.  As a result, on motion brought by Plaintiffs, the Court entered default

judgment against Defendants as a sanction for their refusal to participate in discovery and in

response to Defendants' statement that they would no longer participate in the case, which the

Court held constituted a withdrawal of Defendants' motion to dismiss.  The Court also relieved

Riker Danzig as counsel for Defendants.

Unable to obtain discovery from Defendants to prove their damages, Plaintiffs served a

subpoena on Riker Danzig seeking the production of various documents.  It is this third-party

discovery that forms the basis of the matter on appeal to this Court.  Riker Danzig's application

to withhold the documents as privileged was denied by Magistrate Judge Shwartz by Opinion and

Order dated August 11, 2006.  The documents at issue consist of e-mails exchanged among Mr.

Tobin, Mr. Young and Riker Danzig from May 12, 2004 through March 9, 2005 concerning the

New Jersey action.  In addition to providing a privilege log, in which the disputed documents are

labeled as TOB 0001 to TOB 0160, Riker Danzig submitted these documents to the magistrate

judge and to this Court for *in camera* review.

Beyond these basic facts, this Court will not repeat the magistrate judge's recitation of the

factual and procedural background of this action, which is set forth in the transcript of

proceedings before Judge Shwartz on August 11, 2006.  (Transcript of Motion Before the

Honorable Patty Shwartz dated Aug. 11, 2006 ("Tr.") at 39:10-46:21.)

II.     LEGAL ANALYSIS

A.      **Standard of Review**

The standard of review of a magistrate judge's decision depends upon whether the issue addressed was dispositive or non-dispositive.  Andrews v. Goodyear Tire & Rubber Co., 191 F.R.D. 59, 67 (D.N.J. 2000).  A district court may reverse a magistrate judge's determination of a non-dispositive issue only if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); see also Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205 (D.N.J. 1997).  A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co. Of Wis., 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting United States v. Gypsum Co., 333 U.S. 364, 395 (1948)).  Accordingly, the clearly erroneous standard of review will prohibit the reversal of the magistrate judge's determination "'even if the reviewing court could have decided the issue differently.'"  Cardona v. General Motors Corp., 942 F. Supp. 968, 971 (quoting Toth v. Alice Pearl, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994)).  A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law.  Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998).  The burden is on the party filing the notice of appeal to demonstrate that the magistrate judge's decision was clearly erroneous or contrary to law.  Cardona, 942 F.Supp. at 941.

Discovery orders are treated as non-dispositive matters in this Court.  Haines v. Liggett Group, Inc., 975 F.2d 81, 92 (3d Cir. 1992) (holding that "the proper standard for review for discovery orders is the 'clearly erroneous or contrary to law' standard"); In re Gabapentin Patent

Lit., 312 F.Supp.2d 653, 662 (D.N.J. 2004).  A magistrate judge's ruling on discovery matters "is

entitled to great deference and is reversible only for abuse of discretion."  Lithuanian Commerce

Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 214 (D.N.J. 1997) (quoting Kresefky v. Panasonic

Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996)).

Therefore, this Court will apply the deferential "clearly erroneous or contrary to law"

standard of review to Riker Danzig's appeal of the August 11, 2006 Order of Magistrate Judge

Shwartz denying their application to withhold certain documents as privileged.

**B.      Discussion**

This Court finds that the magistrate judge's well-reasoned decision is not clearly

erroneous or contrary to law.  It agrees with her conclusions that Riker Danzig may not withhold

the subject e-mails from production under the protections afforded by either the attorney-client

privilege or the work product doctrine.[1]  The Court will address both theories of protection, as

well as Riker Danzig's argument that the documents sought by Plaintiffs are irrelevant to their

claims.

1.      Attorney-Client Privilege

Magistrate Judge Shwartz correctly rejected Riker Danzig's argument that the attorney-

client privilege under both New Zealand and New Jersey law shields the subject e-mails from

disclosure.  It is undisputed that Mr. Young, who is a party to all of the e-mail communications,

---

[1] Magistrate Judge Shwartz ruled that certain of the subject e-mails, identified in the opinion below by bates numbers, need not be produced on the ground that they are not relevant to Plaintiffs' claims in this case. (Tr. 55:18 - 56:19.)  The court below, therefore, did not reach the issue of whether these irrelevant documents were protected under either the attorney-client privilege or work product rule. (Tr. 56:14-21.)  This portion of the magistrate judge's ruling has not been appealed, and accordingly, those documents may be withheld from production consistent with Judge Shwartz's Opinion.

is not an attorney (or a solicitor or barrister in New Zealand).  Mr. Young's involvement in each

of the e-mail communications at issue constitutes a waiver of the attorney-client privilege.

Westinghouse Elec. Corp. v. Republic of Philippines, 951 F.2d 1414, 1427 (3d Cir. 1991)

("under traditional waiver doctrine a voluntary disclosure to a third party waives the attorney-

client privilege even if the third party agrees not to disclose the communications to anyone else");

United States v. Rockwell Intern., 897 F.2d 1255, 1265 (3d Cir. 1990) ("[t]he attorney-client

privilege does not apply to communications that are intended to be disclosed to third parties or

that in fact are so disclosed").  Mr. Young was a third party to the communications between

Riker Danzig and its client Mr. Tobin, and the theories advanced by Riker Danzig under New

Zealand law or New Jersey law do not alter this fact.

While New Zealand recognizes a privilege for communications between a lay adviser

appearing before the Employment Relations Authority and his client in such proceedings, the

relevant statute limits that privilege to communications that are "in relation to those

proceedings."[2]  As the privilege log provided by Riker Danzig reflects, the subject matter of the

e-mails relate to the New Jersey action.  (Cert. of Matthew H. Lewis, Ex. A-D.)  Thus, Riker

Danzig itself - which bears the burden of establishing that the privilege it is asserting applies to

the communications at issue, Horon Holding Corp. v. McKenzie, 341 N.J. Super. 117, 125 (App.

Div. 2001) - does not maintain that the subject e-mails are communications "in relation to" the

New Zealand action.  On this point, the magistrate judge held that "the failure to assert that these

---

[2] In relevant part, New Zealand's Employment Relations Act 2000, the statute on which
Riker Danzig relies,  provides that "[w]here any party to any matter before the [Employment
Relations] Authority is represented by a person other than a barrister or solicitor, any
communications between that party and that person in relation to those proceedings are as
privileged as they would have been if that person had been a barrister or solicitor."

documents are related to the New Zealand employment litigation is fatal to the privilege claim

because as noted earlier, the New Zealand lay advocate privilege is limited to communications

directly related to issues involved in the New Zealand employment dispute." (Tr. 71:2-7.)  In her

*in camera* review, the magistrate judge confirmed that the subject matter of the e-mails did not

relate to the New Zealand action.  This Court has also reviewed the subject documents *in camera*

and concludes that Judge Shwartz was correct.

Moreover, Mr. Young's status as a non-attorney also defeats any attorney-client privilege

for the communications under New Jersey law.  As Magistrate Judge Shwartz noted in her

opinion, the attorney-client privilege recognized under New Jersey law "covers only

communications between a client and a lawyer  . . . and the client's communications made

through necessary intermediaries and agents."  (Tr. 62:1-5 (quoting Rawlings v. Police Dep't of

Jersey City, N.J., 133 N.J. 182, 196 (1993))).  Though Riker Danzig argued that Mr. Young was

Mr. Tobin's agent and that Mr. Young's participation in the e-mail communications did not

waive the privilege, the magistrate judge held that this "agency theory" did not apply.  The court

below held that Riker Danzig had failed to present sufficient evidence to demonstrate that Mr.

Young was an agent of client or counsel, that is, that he played a vital role in facilitating

communications between Riker Danzig and Mr. Tobin in the New Jersey action or that he was

necessary to the New Jersey action.

This Court agrees with Judge Shwartz's reasoning.  Upon its review of her Opinion, the

Court finds that she conducted a thorough examination of New Jersey and New Zealand law on

the subject of attorney-client privilege and holds that her ruling that the subject e-mails are not

shielded by the attorney-client privilege is not clearly erroneous or contrary to law.  In short, she

correctly held that Riker Danzig failed to sustain its burden of proof that the privilege applies.

2.      Work Product Rule

Riker Danzig also appeals the magistrate judge's ruing with respect to the lack of

protection available under the work product rule.  Judge Shwartz concluded that, although certain

documents qualified as factual and/or opinion work product, the exceptional circumstances of the

case at bar warranted piercing the privilege to compel production.  Upon reviewing Judge

Shwartz's opinion and the facts of this case, this Court finds the magistrate judge's ruling amply

supported by the record.

"[T]he work product doctrine offers only qualified protection."  Martin v. Bally's Park

Place Hotel & Casino, 983 F.2d 1252, 1262 (3d Cir. 1993).  The court below correctly applied

the legal standard for piercing work product containing facts and other material prepared in

anticipation of litigation (factual work product) and for piercing work product containing the

mental impressions, conclusions, opinions or legal theories of an attorney concerning the

litigation (opinion work product).  In re Cendant Corp. Sec. Lit., 343 F.3d 658, 663 (3d Cir.

2003) (distinguishing two tiers of protection under Fed.R.Civ.Pro. 26(b)(3)).  The magistrate

judge stated

> "a party can obtain an otherwise protected document upon
> demonstrating substantial need for the document, and that he is
> unable, without undue hardship, to obtain the substantial
> equivalent of the document by other means."  Martin, 983 F.2d at
> 1262.  Opinion work product . . . "receives greater protection than
> ordinary work product and is discoverable only upon a showing of
> rare and exceptional circumstances."  In re Cendant Corp., 343
> F.3d at 663; see also Tennison v. City & County of San Francisco,
> 226 F.R.D. 615, 623 (N.D. Ca. 2005).

(Tr. 82:12 - 83:1.)

8

This Court agrees with Judge Shwartz's reasoning that the recalcitrance, willful non-compliance and disregard for the rules and authority of this Court displayed by Defendants, Riker Danzig's former clients in this litigation, compel a finding that Plaintiffs have satisfied their burden of establishing that the work product protection should be pierced with regard to the subject documents.  (See Tr. 88:1 - 91:13.)  The magistrate judge thoroughly reviewed Defendants' history of contumacious conduct and discussed the factors warranting disclosure of the documents.  As those details are set forth in the Opinion below, this Court will not repeat them here.  It suffices to say that the rulings contained in Judge Shwartz's August 11, 2006 Opinion and Order are not clearly erroneous or contrary to law.

       3.       Riker Danzig's Argument Based on Relevance

In its brief in support of this appeal, Riker Danzig includes an argument that, aside from the privileges discussed above,  Plaintiffs should not be permitted to obtain the subject e-mails because they are irrelevant to Plaintiffs' claims.  Riker Danzig maintains that Plaintiffs proffered reason for needing the documents - that is, to establish punitive damages - is unavailing because Plaintiffs are not entitled to such damages as a matter of law.  This argument, which appears to be better suited to a motion to dismiss for failure to state a claim, is completely misplaced in the context of this case, as Plaintiffs have obtained a default judgment against Defendants.

Our jurisprudence directs that, as a consequence of the entry of a default judgment "'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'"  Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (quoting 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)).  The Complaint in this case contains allegations relating to two claims - breach of contract and

tortious interference with contract.  Judgment has been entered in Plaintiffs' favor.  It is well-settled that punitive damages may be awarded on a claim for tortious interference.  DiMaria Const. Inc. v. Interarch, 172 N.J. 182, 183 (2002).  Thus, documents relating to damages Plaintiffs may obtain on their claims, including punitive damages, are discoverable under Federal Rule of Civil Procedure 26(b), which provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ."  The Court has reviewed the subject documents *in camera* and affirms Judge Shwartz's ruling with regard to relevancy.[3]

Riker Danzig's argument that Plaintiffs "would not have succeeded in their tortious interference claim" and thus, without this underlying cause of action, would not be entitled to punitive damages, is not an argument that is available to Defendants, who chose not to defend this action.  It follows that as a third party to this lawsuit, Riker Danzig may not shield material from disclosure based on a position that a party to the suit did not - and now cannot - advance. The same analysis applies to Riker Danzig's fruitless argument that Plaintiffs could not, as a matter of law, prevail on their punitive damages claim under N.J.S.A. 2A:15-5.12(c) even if they obtained the documents at issue.

In sum, with the exception of those documents identified by Judge Shwartz as irrelevant, the subject e-mails are discoverable as set forth in the August 11, 2006 from which Riker Danzig appeals.

---

[3] The magistrate judge carved out certain of the subject e-mails from her Order directing production on the basis that they are not relevant to Plaintiffs' claims.  (See Tr. 55:18 - 56:19.)

**IV.**     **CONCLUSION**

For the foregoing reasons, this Court affirms Magistrate Judge Shwartz's August 11,

2006 Opinion and Order.  An appropriate form of order will be filed together with this Opinion.


                                                 s/ Stanley R. Chesler
_____ STANLEY R. CHESLER
                                           United States District Judge


DATED: November 3, 2006